[Civ. No. 2663.   Fourth Dist.   Feb. 24, 1942.]

CARLENE DRAKE, a Minor, etc., et al., Respondents, v. ALFRED RUSCONI et al., Appellants.

Hoge, Pelton & Gunther and A. Dal Thomson for Appellants.

W. M. Conley, Philip Conley, Matthew Conley and Conley, Conley & Conley for Respondents.

BARNARD, P. J.—This is an action for damages arising from a collision between a bicycle on which the minor plaintiff was riding and an automobile owned by Alfred Rusconi and driven by his wife.

The accident happened at the intersection of Madera Avenue and D Street, in the town of Kerman. Madera Avenue runs north and south and is 75 feet wide, and D Street runs east and west and is 40 feet wide. On this occasion the minor plaintiff, a girl 12 years old, was riding her bicycle easterly on D Street and across Madera Avenue when a collision occurred between the bicycle and the automobile driven by Mrs. Rusconi at a point within the intersection. The minor plaintiff was thrown to the ground, suffering the injuries complained of. The automobile stopped in anywhere from 15 to 40 feet, depending upon various portions of the testimony. There were skid marks 15 feet back from the automobile after it had stopped, but it cannot be determined from the record at what point the brakes were effectively applied.

This action, which followed, was tried by the court without a jury. The court found in all respects in favor of the plaintiffs and the defendants have appealed from the judgment.

▆ The appellants first contend that there is no evidence to support the court's finding of negligence upon the part of the driver of the automobile. While the evidence is sharply conflicting, there is evidence that Mrs. Rusconi was driving through this blind intersection at from 30 to 35 miles an hour. This evidence is attacked as unsubstantial and unbelievable in view of the alleged physical fact that the automobile stopped within 15 feet. This in turn depends upon the uncertainness to which we have already referred and the entire matter presents but a question of fact. The evidence, in its entirety, justifies an inference that Mrs. Rusconi was traveling too fast at the point in question. Moreover, the evidence amply justifies the inference and conclusion that Mrs. Rusconi was looking in another direction, that she was not keeping a proper lookout for traffic in the direction from which it was to be expected, and that she could have seen the minor plaintiff in time to avoid the accident had she been properly observing conditions in the line of her travel.

▆ It is next contended that it must be held, as a matter of law, that the minor plaintiff was guilty of contributory negligence. This is based upon the contention that it conclusively appears that the accident occurred near the northerly edge of the northwest quadrant of this intersection, that the minor plaintiff was at the time riding her bicycle across this quadrant in a northeasterly direction, and that she was

thus cutting the corner and upon her wrong side of D Street, along which she was proceeding. It appears that the minor plaintiff had just come from the postoffice, which is on the west side of Madera Avenue, a short distance south of D Street. It also appears that she entered D Street a short distance west of Madera Avenue and that she proceeded northerly for some distance on D Street before she turned to her right and proceeded easterly along D Street and across Madera Avenue. While several witnesses testified that she had crossed to within five or six feet of the northerly line of D Street before she turned easterly and proceeded to cross Madera Avenue, she herself testified that she proceeded northerly to about the middle line of D Street and then turned to her right and proceeded east on D Street and across Madera Avenue, and that she was struck by the automobile at about the center of the intersection. This is confirmed by a part of the testimony of several other witnesses and is strongly confirmed by a part of the testimony of Mrs. Rusconi. She testified that she was 15 feet from the center of the intersection when she first saw the girl on the bicycle, and that the minor plaintiff was then 15 or 18 feet away from her. The entire question of contributory negligence, upon the record before us, is one of fact and not of law, and while the evidence would have sustained a contrary finding and conclusion there can be no question that the court's finding thereon is amply sustained by the record.

Nothing more here appears than a conflict in the evidence and there being sufficient evidence to support the court's findings the usual rule applies.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied March 25, 1942.